Let me see that the clerk will call the next case. Case number 314-0189, Hicklow, State of Illinois, Appalachia, by Justin McLoughlin v. Kenan Allen, appellant by Kelly Craig. Ms. Craig, you may proceed. Good afternoon. May it please the Court, Counsel? I am Kelly Craig from the Office of the State Appellate Defender on behalf of the defendant, Kenan Allen. This is a direct appeal following a guilty plea in a Peoria County murder case. There are two issues in this case. One, there was an improper Rule 604D certificate, and two, the trial court failed to conduct an inquiry into whether Allen had conflict-free representation after defense counsel filed a motion to reconsider sentence following a negotiated guilty plea. Allen respectfully requests that this honorable court remand the cause for strict compliance with Rule 604D proceedings. Additionally, if this court accepts Issue 1, Allen requests that this court provide direction to the trial court that an inquiry be conducted into whether counsel provided conflict-free representation. Allen is entitled to remand for new post-plea proceedings under Rule 604D because his trial counsel failed to certify that he consulted with him to ascertain his contentions of error in both the sentence and the guilty plea. Allen pleaded guilty to one count of first-degree murder and one count of attempt first-degree murder, a murder involving a knife. The maximum sentence under the statute was 90 years, 60 for the murder, 30 for the attempt. Allen pleaded guilty to a cap of 50 years for the murder and 20 for the attempt for a 70-year total sentence. He received the maximum under the cap. Counsel filed a motion to reduce sentence or to withdraw the plea of guilty. His Rule 604D certificate stated, one, that the undersigned has consulted with the defendant, Keenan Allen, for the purpose of ascertaining the contentions of error claimed by defendant to have occurred, and two, that the undersigned has examined the trial court file and reported proceedings and has made any amendments to the motion of defendant necessary for the adequate presentation of such defects claimed by defendant to have occurred. This is a simple issue. Counsel's Rule 604D certificate was too vague to determine whether he complied fully with the rule. Two signat was decided before counsel filed his certificate. And as we know, two signat stated that counsel must certify that he consulted with defendant to ascertain defendant's contentions of error in both the sentence and the entry of the plea of guilty. Since this case, the Illinois Supreme Court has codified two signat and changed Rule 604D and the rule is very clear about what goes in a certificate, and here, counsel's certificate was just not compliant. Accordingly, Allen respectfully requests that this honorable court remand the cause for strict compliance with Rule 604D and for new post-plea proceedings. Where the trial court should have known that a potential conflict of interest occurred, it should have conducted an inquiry after defense counsel filed a motion to reconsider sentence following a negotiated guilty plea. Here, there was a cap, meaning it was a negotiated guilty plea and the sentence could not be challenged. However, defense counsel still filed what he called a motion to reduce sentence or to withdraw plea of guilty, arguing that the sentence was excessive because the court did not weigh all factors of mitigation and that the plea was not conducted in compliance with Rule 402. At the hearing on the motion, counsel said, quote, following the sentencing hearing, we did have transcriptions prepared and I have reviewed the same and filed a motion in consideration thereof, and we do believe that it is appropriate to grant in both fashions, actually. Mr. Allen will be 97 when he is released from prison. This is effectively a life sentence. So, Allen's plea to what was essentially a de facto sentence, a de facto life sentence, coupled with counsel's written plea and his oral representations at the hearing, indicate that counsel, and as a result, Allen, were unaware that the sentence could not be reconsidered. The trial judge should have recognized a potential conflict of interest and conducted an inquiry into whether defense counsel informed Allen that he could not challenge the sentence on appeal. But I know that he put it in the term and used the word or, but when it was argued, he argued for the necessary prerequisite, the withdrawal of the guilty plea first. He did. He argued, well, he called it, it was like a combo. It was motion to reconsider sentence or motion to withdraw, but in the motion itself, he led with this is excessive and then gave vague reasons about how the trial court did not weigh the aggravation and the mitigation. Did I answer your question?  If you want to, you have to file the motion to withdraw the plea of guilty in order to look at the sentence because you have to have that sentence withdrawn, you have to have the plea withdrawn in order to get to the second half, so you're saying that any time that somebody would, an attorney that represents one on a plea filed that motion and argued to withdraw the plea of guilty and then look at the sentence, it has to be a conflict of interest? We see it routinely because you can't have one without the other. Well, under Linder, his only option in a negotiated sentence, counsel's only option was to file the motion to vacate Allen's plea and only if that is successful can the sentence be attacked. And under People v. Richards, the trial court is not even supposed to have the authority to reconsider a defendant negotiated cap sentence when the guilty plea has not been successfully withdrawn. So, no, they don't have the authority under Linder, defense counsel does not have the authority under Linder, and the court does not have the authority under Richards to consider this motion to reconsider. So you say that you can't file those as combination and have them bifurcated when you're actually at hearing. Is there an intention that in order to properly do it that you have to file the first motion to withdraw the plea of guilty and that you can't ask for relief for both at the same time? Or, I guess I'm just confused, I mean, if you can't get to the sentence without the withdrawal of the plea of guilty, I understand that, but is it that he argued them at the same time or that he put more emphasis on the sentence? He shouldn't have mentioned the sentence, period. He should have only asked that the plea be withdrawn because that's the only step that he could take. And so by arguing for both, you say that negates the withdrawal of the plea of guilty argument? By arguing for both, it's clear that he, I think it's clear that counsel doesn't know that the sentence can't be attacked. With this cap, 70 is the max and that cannot be, the sentence cannot be attacked as excessive, and for him to even bring it up is, I think it shows that he's ineffective for not knowing the rule, and then thus defendant doesn't know the rule, doesn't know that he's stuck with this 70-year sentence, which gets him out of prison at 97 instead of if he had done a blind plea to a max of 90 years and gets out at 116. So my point is that the motion to, the only motion available was the motion to withdraw the guilty plea, and anything else shows that counsel doesn't know the rule and that his client would not be apprised of that rule, doesn't know that his sentence cannot be attacked as being excessive. So the implicit argument is, the ineffective assistance counsel argument is that when negotiating this agreement, obviously counsel didn't tell his client that if he got a sentence within the cap, he was stuck. Yes. Because of counsel's later action, it shows that he didn't understand it then or when he was before the trial court after the negotiated agreement. Exactly, because really, 70 years with a cap, there's no benefit to doing that, that there would be to say doing a blind plea, because at least with a blind plea the sentence can be attacked as excessive, whereas the 70 year cap, which is essentially a life sentence, cannot be attacked and trial counsel doesn't seem to know that because he filed an improper motion and it cannot be attacked as excessive. The state on appeal argues that a motion to reconsider can be filed and ruled on when counsel alleges that the sentence was improper. However, this was not that kind of case. Counsel did not really do an improper factors motion. It was very vague. You would see it in any other case with any other defendant. All it said was this was an excessive sentence because the judge did not weigh the mitigation. There was no allegation that there was an improper factor used or he didn't enumerate what that would have been. So Richards does hold in this case. And furthermore, if as is likely, counsel misinformed Allen or failed to inform Allen that he would be able to challenge a sentence as excessive at the time of plea and that misinformation was central to Allen's decision to plead guilty, Allen would be entitled to withdraw his plea as involuntary under Pupil v. Edmondson. Furthermore, it would have been a conflict of interest in this case for counsel to argue that Allen's plea be withdrawn because he himself failed to tell him that it could not be argued as excessive but then he could not challenge the sentence. The judge here should have recognized counsel's misapprehension of the law and conducted an inquiry to determine whether there was a potential attorney conflict of interest. And although it is true that no rule exists that a judge must conduct an inquiry when a defendant has not claimed ineffective assistance of counsel, Allen could not have realized that counsel was ineffective without knowing that his sentence could not be challenged. If counsel did not know that rule, then certainly the defendant, Allen, did not know the rule either. So it would have been nearly impossible for him to have caught that and brought that to the judge's attention in a crinkle-type situation. You don't think that the admonitions or the things that the judge would have had to explain to Mr. Allen at the time he entered into his plea regarding the fact that you're entering into a negotiated plea and that you are not able to appeal? For Allen to enter into a knowing and voluntary plea, he should know everything that he is getting into, including that he could not appeal a sentence, that he could not challenge a sentence. Right, and that is something that is required to be, you know, when he enters into the plea, that should have been part of the admonitions. But are you saying that that isn't enough or maybe he wasn't given those admonitions? Well, it's not required for the judge to tell him that, but it should have been counsel's duty to inform his client of that fact. The Federal Rules of Criminal Procedure mandate that judges tell them of their appeal rights or that their sentence cannot be challenged, which is not required in the circuit courts, but that would be something that counsel should have a duty to inform his client of, and it is arguably ineffective that he did not or seems to not have done that. Was there a hearing on that, whether or not he did it or not? No. So, I mean, it's sort of speculation to say he did or didn't. You're just assuming? Well, the fact that he... Excuse me, over whether... Assuming what he did or didn't do. Counsel? Because he filed a motion that he shouldn't have and because this plea was not logically that the open plea, excuse me, that the negotiated plea was really a better call than the blind plea. It seems it can at least be inferred that he didn't tell his client this. But that's what it's an inference? Yes, there's no fact on the record that the defendant is not alleging that counsel never told him that. But that's why I think the judge should have held an inquiry and that's why if this goes back to the trial court we would ask that an inquiry be held to determine whether defense counsel told his client this or not. And how do you propose we direct the trial court to do that? On remand, I would propose a note in the order. Saying... In yellow sticky? Well, some language that they should have to follow to determine... What would happen if we directed the court to appoint a different public defender? A different public defender... I think an inquiry would have to be made about whether a defendant's plea was involuntary the first time around. If he wasn't told that he couldn't appeal his sentence. If the 604D affidavit was insufficient and we remand it back to the same attorney that you're concerned about to file a properly drafted 604 certificate that we're going to end up right back with the same issue again. So I appreciate being able to bounce some of my thoughts off of you. Yeah, I would hope that a language in the order would... you know, a directive to the trial judge to kind of have a Krinkle-like hearing to determine if there was a conflict of interest here would maybe cure that. Is it premature to do that? Because it isn't a matter of the record to have... to send it back or make a finding of his ineffective assistance at this stage of... Is this something that he needs to bring at a later date in a post-conviction proceeding? Or do you think that the filing itself is evidence enough of the nature of the counsel being ineffective? I think the filing itself, coupled with this de facto life sentence that cannot be attacked should be enough to show that counsel is ineffective. But that takes a couple of logical jumps, doesn't it? To define that. Which is why a direct... It's sort of like, if that happened, it had to be ineffective. That's what you're saying. When he voluntarily agrees to a plea like this. That's per se ineffective. I think it is per se ineffective. But here, without... If this court doesn't think that it's per se ineffective, I think there at least needs to be an inquiry whether counsel was ineffective here. Many times the inquiry that we look at in something like that is a post-conviction petition where they flesh out some of these things. They have affidavits and parties, sometimes hearings, with regard to what was said, what wasn't said. Yes. There's firmer stuff in the record. Expressed things in the record. That is true, but if this goes back for 604D remand and new post-plea proceedings, which it should based on the language of the 604D certificate, if it goes back and he's before the judge and has counsel, it seems like this could be something that could be gotten to the bottom of awful quickly. Mr. Nicolosi? Good afternoon, Your Honors. May it please the court, counsel, regarding issue one, Your Honors, the people submit that certainly the 604D certificate filed in this case did not recite 604D verbatim, but of course there are cases that hold the certificates under that section do not need to be verbatim. And the people would submit that even though the counsel in this case didn't say he was consulting with the defendant quote, by mail or in person, end quote, as the statute requires, and also that counsel didn't state that he consulted with the defendant to determine his contentions of error in both the sentence or the entry of the guilty plea. Now, he didn't use that language, but the people submit the language he did use to determine his contentions of error in both the sentence or the entry of the guilty plea. Counsel stated that he did, quote, consult with the defendant. The people would submit that that is encompassing language referring to being in person or by mail, as the statute requires. And counsel also stated, quote, that he discussed the, I'm sorry, that the defendant would have had. Therefore, the people would submit that 604D was complied with in this case. And no need for remand is required under Issue 1. Moving to Issue 2. Can you back up for a second? Sure. When I was reading through the timeline, it seems that the attorney filed that certificate stating that he had examined the record or whatever, but it doesn't look like the transcript was filed until after he filed his 604D certificate. Yeah, that issue was discussed in the briefs, and the stamp on the transcript that was in the record was after the certificate was filed. I think it was March 4th. I think the stamp was at a later date. But the people, as I argued in my brief, would submit that in early February when setting the motion, hearing, and ordering the transcript, that was in early February, and the fact is that counsel certified that he did read the transcript. So based on the fact that it was ordered a month before the hearing and that counsel certified that he read them, the people would submit that the stamp is on the record in this case, on the transcript in this case. But I understand there is some confusion there, Your Honor. Regarding Issue 2, the people would submit that no remand for an inquiry into whether or not counsel provided a conflict-free representation is needed. As the people stated in their brief, there is no rule or no case calling for this kind of remand. This is something that appears to have been done or that any rule or case, again, allows for. It feels like it would just be stopping the proceedings as they would normally have flowed to conduct the type of inquiry that, as Your Honors mentioned during counsel's argument, that would be conducted in a post-conviction type of forum. This is precisely the type of thing that counsel is determined to get counsel's reasoning, his decision-making. These type of things get flushed out in post-conviction petitions. That's exactly what those are for. And I think, as I believe Justice Carter alluded to, that this would just be speculation. We'd be jumping a couple of steps to conclude based on some observations in the record that counsel was ineffective. I don't see a primary course of procedures to, if this were to be remanded, to say that the trial judge need to discuss with counsel what he was thinking. I don't see any support for that, neither in the record, factually, or in prior precedent case law or statutes. I think that would be a pretty radical remedy for something that I don't believe is concrete. I don't believe there's a concrete evidence in this case that counsel was ineffective, so I think that would be a pretty extreme remedy, Your Honors. Furthermore, people submit that I think it's also improper to question counsel's performance based on the deal that was entered in this case. Yes, if the full sentence is completed,  but I think the record is that the defendant knew exactly what kind of deal he was entering into. There was a lot of back and forth between the trial judge and the defendant. How worse could this sentence be? Based on the cap, it couldn't be worse. But again, Your Honor, as I argued in my brief, there's no requirement that a defendant get an objectively great deal. It doesn't have to be perfect. It doesn't have to be perfect. I don't think it's proper to speculate why he did. Again, back to this word speculation, it seems like we're doing an awful lot of that here in this issue. I think there could be a perfectly valid reason why this defendant didn't want to go to trial. Maybe he was just rolling the dice and putting a cap on it. Maybe his sentence would ultimately be less. But this is something that says a defendant is entitled to an objectively good deal. Again, I think impugning counsel's performance or the trial judge for not sua sponte determining whether something was maybe fishy here, I don't think anything, there's nothing in this record that calls for such an inquiry. So I don't believe Your Honors should remand for such an inquiry. I don't think it's appropriate to do that in this case. Thank you. Thank you, Mr. Nicoletti. Ms. Craig, the rebuttal. Just briefly to respond to some of the things that the State said. As far as stopping the proceedings, I don't think that it's not such a bad thing to stop the proceedings to determine whether he did knowingly enter into this plea. And as far as putting it off until post-conviction petition, I mean, we have crankle hearings that arguably could be something that could be put off until post-conviction, but it is better to get to the bottom of potentially ineffective assistance to counsel and stop it at the source than it is to put it off later for post-conviction. If we go back on remand, what prevents the public defender from doing that, from raising an issue alleging he was ineffective? Or was I thinking the deal was a terrible deal for my client? He could allege that. And if we don't remand with directions, I'm guessing you could pick up the phone and talk to defense counsel? That's true, that defense counsel could be spoken with, but I still think a director from this court may be interpreted as an advisory opinion if that issue came up in front of us later. So that's the problem we have, the difficulty we have, giving you the directions you would like. You're right, something does need to happen so that this isn't just happening on this side of the bench. I appreciate that thought, I just don't know if it can happen on this side of the bench. Wow. That's how we feel sometimes. Well, if at all possible, it would be nice for this court to remand with some directions, something, or in the opinion, something that is potentially happening. We will try to be creative. Thank you very much. Thank you both for your arguments here today. This matter will be taken under advisement and a written decision will be issued to you as soon as possible. Right now we'll stand at a brief recess for a panel change.